**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 01-CR-30018-WDS ) |
| MONTE L. PINSON, | ) ) |
| Defendant. | ) |

## ORDER

Before the Court is defendant's motion for retroactive application of the Advisory Sentencing Guidelines pursuant to the 2011 amendments (Doc. 59). The Court appointed Assistant Federal Public Defender Daniel Cronin to represent the defendant. Counsel now seeks to withdraw because the defendant is not eligible for the relief he seeks as he was sentenced as a career offender (Doc. 65). The defendant has filed a second motion for retroactive application, which the Court will take as a supplement to his motion (Doc. 46). In this motion, he seeks relief under the Fair Sentencing Act.

The defendant was sentenced, after his plea of guilty, to a total of 292 months imprisonment and the Court determined at the time of sentencing that his relevant conduct was more than 500 grams but less than 1.5 kilograms of crack cocaine. His offense level was determined to be a level 35 with a criminal history of VI. His conviction and sentence were affirmed on appeal, *United States v. Pinson*, 88 Fed. Appx. 939 (7th Cir. 2004). The Court reduced his sentence on previous motion pursuant to 18 U.S.C. §3582 to a total term of 215 months.

Section 3582(c)(2) permits a court to reduce the term of imprisonment if the sentencing range "has subsequently been lowered by the Sentencing Commission" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Application Note 1(A) of U.S.S.G. § 1B1.10 provides that a reduction is inconsistent with that policy statement if "the amendment does not have the effect of lowering the applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." *See United States v. Robinson*, 2012 WL 3990741 *2 (7th Cir. Sept. 7, 2012) (*citing United States v. Forman*, 553 F.3d 585, 588 (7th Cir.2009); *United States v. Poole*, 550 F.3d 676, 679 (7th Cir.2008); *United States v. Osborn*, 679 F.3d 1193, 1195 n. 1 (10th Cir.2012)).

In this case, the defendant was sentenced as a career offender. His sentence, which was one level higher than a career offender status sentence was reduced to career offender status sentence. Upon review of the record, the Court FINDS that it cannot further reduce his sentence because the 2011 retroactive amendments do not change the sentence range for career offenders (U.S.S.G. § 4B1.1). Because Amendment 750 did not change the career offender guideline, defendant does not qualify for a sentence reduction under § 3582(c)(2). See *United States v. Foreman*, 553 F.3d 585, 589–90 (7th Cir. 2009) (holding that a crack cocaine offender sentenced under the career offender guideline was not eligible for a reduced sentence under section 3582(c)(2)).

Therefore the Court **FINDS** that the defendant is not entitled to the relief he seeks and his motion for retroactive application of the Advisory Sentencing Guidelines (Doc. 59) is **DENIED** as the relief he seeks is not available under any of the amendments to the Sentencing Guideline range. Counsel's motion to withdraw (Doc. 65) is **GRANTED**.

**IT IS SO ORDERED.**

**DATE:  02 November, 2012**

                                              **s/ WILLIAM D. STIEHL**
                                              **DISTRICT JUDGE**